IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| BAYARD, P.A., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civ. No. 09-468-SLR |
| | ) |
| MANGIANTINI SLOMIAK & MEYERS | ) |
| LLP a/k/a Mangiantini & Slomiak LLP, | ) |
| PAUL MANGIANTINI, ESQ., and | ) |
| DAVID M. FOGG, ESQ., | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM ORDER**

At Wilmington this 31st day of March, 2010, having considered defendants' motion to transfer venue, as well as the papers filed in connection therewith;

IT IS ORDERED that said motion (D.I. 3) is granted, for the reasons that follow:

1. Defendants' motion to transfer is filed pursuant to 28 U.S.C. § 1404(a), which provides, in relevant part, that:

> (a) For the convenience of parties and witnesses, in the interest of justice, a district court **may** transfer any civil action to any other district or division where it might have been brought.

(Emphasis added) Congress intended through § 1404 to place discretion in the district court to adjudicate motions to transfer according to an individualized, case-by-case consideration of convenience and the interests of justice. *Stewart Org., Inc. v. Rich Corp.*, 487 U.S. 22, 29 (1988); *Affymetrix, Inc., v. Synteni, Inc.*, 28 F. Supp.2d 192, 208 (D. Del. 1998).

2. The burden of establishing the need to transfer rests with the movant "to

establish that the balance of convenience of the parties and witnesses strongly favors the defendants." *Bergman v. Brainin*, 512 F. Supp. 972, 973 (D. Del. 1981) (citing *Shutte v. Armco Steel Corp.*, 431 F.2d 22, 25 (3d Cir. 1970)). "Unless the balance is strongly in favor of a transfer, the plaintiff's choice of forum should prevail." *ADE Corp. v. KLA-Tencor Corp.*, 138 F. Supp. 2d 565, 567-68 (D. Del. 2001); *Shutte*, 431 F.2d at 25. The deference afforded plaintiff's choice of forum will apply as long as a plaintiff has selected the forum for some legitimate reason. *C.R. Bard, Inc. v. Guidant Corp.*, 997 F. Supp. 556, 562 (D. Del. 1998). Moreover, the analysis for transfer is very broad. *Jumara v. State Farm Ins. Co.*, 55 F.3d 873, 879 (3d Cir. 1995).

3. The record reflects an unusual set of circumstances that warrant transfer of this action to the District of Idaho, where defendants Mangiantini and Fogg are residents and where this matter could have originally been instituted. Defendants'[1] contact with Delaware commenced in 2008 when DSBI filed a voluntary petition for relief under Chapter 11 of the bankruptcy code in the United States Bankruptcy Court for the District of Delaware. As a result, defendants' Idaho lawsuits were automatically stayed and jurisdiction was assumed by the bankruptcy court in Delaware. It was during this time, however, that plaintiff, a Delaware law firm, contacted defendants regarding representation of their pending claims in bankruptcy court. Although some type of relationship may have been formed between the parties,[2] the disputes that

---

[1] In their capacity as attorneys engaged in private practice in Idaho, defendants filed suit against DBSI, Inc. ("DSBI"), an Idaho real estate investment company, in Idaho state court ("Idaho lawsuits") . (D.I. 5, 6)

[2] Defendants Mangiantini and Fogg: (1) never appeared in court in Delaware; (2) are not licensed to practice in Delaware; (3) do not advertise in Delaware; (4) have

subsequently resulted between the parties are irrelevant for purposes of the motion to transfer. Instead, it is evident that defendants were pulled into the Delaware litigation because of the bankruptcy proceeding. The court finds this minimal contact insufficient to maintain the instant dispute over fees in Delaware.

IT IS FURTHER ORDERED that the clerk of court is directed to transfer this action to the United States District Court for the District of Idaho.

                                                                                             *[signature]*
                                                                           United States District Judge

---

earned no fees from Delaware residents; and  (5) only contact with Delaware has been being admitted on one occasion pro hac vice in bankruptcy court. (D.I. 5, 6)